UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ALICIA CABRAL, | Case No. EDCV 14-01354- GJS |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. PROCEEDINGS

Plaintiff Rosa Alicia Cabral ("Plaintiff") filed a complaint seeking review of the Commissioner's partial denial of her application for Disability Insurance Benefits and Supplemental Security Income. The parties filed consents to proceed before the undersigned United States Magistrate Judge, and a Joint Stipulation addressing disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since April 14, 2006, based on multiple severe

impairments. Primarily at issue in this appeal are impairments related to degenerative disc disease of the lumbar and cervical spine and status post lumbar fusion in October 2008 and hardware removal in 2010, and how these impairments impact or impacted Plaintiff's ability to stoop and bend.

After a hearing, an Administrative Law Judge ("ALJ") applied the five-step sequential evaluation process and found that Plaintiff was disabled for the period from April 14, 2006, to August 22, 2011 (AR[1] 26, ¶ 11). *See* 20 C.F.R. § 404.1520(b)-(g)(1).[2] The ALJ then used the eight and seven-step processes to find that Plaintiff's disability ceased. 20 C.F.R. §§404.1594, 416.994. The ALJ found that Plaintiff did not develop or acquire any new medically determinable impairments since August 23, 2011 (AR 26, ¶ 12), and that the impairments still did not meet or equal any "listed" impairment (AR 26, ¶ 13). The ALJ then found medical improvement as of August 23, 2011, and that the improvement related to the ability to perform work. (AR 28, ¶ 15). For the period following August 23, 2011, the ALJ assessed Plaintiff as having the Residual Functional Capacity ("RFC") to perform light work, with additional limitations. (AR 28, ¶ 16). At issue here is the ALJ's finding that Plaintiff is limited to work that could "occasionally" require her to "stoop, kneel, crouch, and crawl." (*Id.*).

---

[1] "AR" citations are to the Administrative Record.

[2] To decide if a Plaintiff is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are as follows: (1) Is the Plaintiff presently engaged in substantial gainful activity? If so, the Plaintiff is found not disabled. If not, proceed to step two; (2) Is the Plaintiff's impairment severe? If not, the Plaintiff is found not disabled. If so, proceed to step three; (3) Does the Plaintiff's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the Plaintiff is found disabled. If not, proceed to step four; (4) Is the Plaintiff capable of performing her past work? If so, the Plaintiff is found not disabled. If not, proceed to step five; (5) Is the Plaintiff able to do any other work? If not, the Plaintiff is found disabled. If so, the Plaintiff is found not disabled. 20 C.F.R. § 404.1520(b)-(g)(1).

The ALJ accepted testimony from a vocational expert ("VE"), and found, based on an RFC including the ability to bend and stoop occasionally, that Plaintiff was not disabled after August 23, 2011. The Appeals Council denied Plaintiff's request for review. AR 4-10.

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff contends that the ALJ erred (1) by finding that Plaintiff's testimony was less than credible and (2) in assessing Plaintiff's ability to bend and stoop, which, according to the testimony of the VE, was required for Plaintiff to perform any of the jobs identified by the VE at the hearing. (AR 74076). As set forth below, the Court finds that the ALJ properly assessed Plaintiff's credibility, but remands for further proceedings because of ambiguity in the record leading to the ALJ's failure to properly "translate" medical opinions given in the context of a workers' compensation claim to the Social Security context.

**A. The ALJ Properly Evaluated Plaintiff's Credibility**

Once a disability Plaintiff produces evidence of an underlying physical or mental impairment that is reasonably likely to be the source of her subjective symptoms, the adjudicator is required to consider all subjective testimony as to the severity of the symptoms. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); *see also* 20

C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Although the ALJ may then disregard the subjective testimony she considers not credible, she must provide specific, convincing reasons for doing so. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *see also Moisa*, 367 F.3d at 885 (stating that in the absence of evidence of malingering, an ALJ may not dismiss the subjective testimony of Plaintiff without providing "clear and convincing reasons"); *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (reaffirming clear and convincing standard and noting that the standard "is not an easy requirement to meet").

In evaluating subjective symptom testimony, the ALJ must consider "all of the evidence presented," including the following factors: (1) the Plaintiff's daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors, such as movement, activity, and environmental conditions; (4) the type, dosage, effectiveness and adverse side effects of any pain medication; (5) treatment, other than medication, for relief of pain or other symptoms; (6) any other measures used by the Plaintiff to relieve pain or other symptoms; and (7) other factors concerning the Plaintiff's functional restrictions due to such symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *3 (clarifying the Commissioner's policy regarding the evaluation of pain and other symptoms). The ALJ also may employ "ordinary techniques of credibility evaluation," considering such factors as (8) the Plaintiff's reputation for truthfulness; (9) inconsistencies within the Plaintiff's testimony, or between the Plaintiff's testimony and the Plaintiff's conduct; (10) a lack of candor by the Plaintiff regarding matters other than the Plaintiff's subjective symptoms; (11) the Plaintiff's work record; and (12) information from physicians, relatives, or friends concerning the nature, severity, and effect of the Plaintiff's symptoms. *See Light v.*

4

*Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

Here the ALJ found that plaintiff underwent surgery for her alleged impairment, which "certainly suggests that the symptoms were genuine." The ALJ also found, however, that subsequent medical records demonstrated that the surgery was generally successful in relieving Plaintiff's symptoms. Moreover, the ALJ did not reject Plaintiff's testimony out of hand. Rather, she found that "the Plaintiff's allegations concerning the intensity, persistence, and limiting effects of her symptoms were less than fully credible," because (among other reasons) Plaintiff did not fully cooperate with one of her medical assessments. (AR 30). (Plaintiff did not make full effort or cooperate with certain tests during Dr. Sadoff's examination). Plaintiff herself also noted that she had improved, and testified about numerous daily activities that also support a finding that her pain was being managed more effectively than before. Finally, Plaintiff's treating physicians and others evaluating her for purposes of workers' compensation cleared her to return to work.[3] (AR 1318-23; 54; 1513-20). The factual support on which the ALJ relied and her analysis as set forth in her decision meet the clear and convincing standard of review.

B. **An Ambiguity In The Record Requires Remand**

The ALJ was presented with medical evaluations from three physicians that relate to the issue at hand, *i.e.*, whether the ALJ properly discounted a portion of one physician's opinion in assessing Plaintiff's RFC. The three physicians are: Dr. Guy Gottschalk, Plaintiff's treating physician in relation to her workers' compensation claim; Dr. Armin Sadoff, who conducted an agreed medical

---

[3] Plaintiff's brief also argues that the ALJ improperly rejected the testimony of Jennie Gonzales. (Plaintiff's Brf. at 24.) As the Commissioner correctly notes, no such witness appears anywhere in the record or in the ALJ's opinion.

examination and issued a report, also in the workers' compensation context; and Dr. Siciarz, another workers' compensation consultative physician. As the parties are well-versed in the record evidence, the Court summarizes each of these doctor's findings very briefly with respect to the issue of whether the ALJ properly determined Plaintiff's post-August 2011 RFC to allow occasional bending and stooping.

The consultative physician, Dr. Siciarz, performed an evaluation of Plaintiff that went into significant detail, finding that she had several limitations. Of note, however, Dr. Siciarz found that there Plaintiff had no postural limitations, which suggests no limits on bending and stooping. (AR 1310 ("Postural Function: Unlimited in all aspects")). Given Plaintiff's medical history, which includes back surgery to alleviate pain, a finding of *no* limitations is somewhat surprising. And, in fact, while noting the lack of postural limitations in Dr. Siciarz's report, the RFC determined by the ALJ nevertheless limited bending and stooping to "occasional." (AR 28).

The AME, Dr. Sadoff, found "28% Whole Person Impairment" in the workers' compensation context. He also recommended, as a prophylactic measure to prevent pain, that Plaintiff be "limited to light work with standing and walking positions with minimal demands of physical effort." (AR 1518). Dr. Sadoff's use of this latter phrase appears to be a reference to the April 1997 "Schedule for Rating Permanent Disabilities" (specifically the Spine and Torso Guidelines) published by the State of California for evaluation of Workers' Compensation claims.[4] Plaintiff argues that "minimal demands of physical effort" means no bending and stooping, because the "milder" categories of disability in the

---

[4] The wording of the 1997 Schedule that Dr. Sadoff used is no longer contained in the current Schedule, which was applicable at the time of his evaluation.

6

Schedule, *i.e.,* disability precluding "heavy work" and disability precluding "substantial work," assume a loss of 50% and 75%, respectively, of the pre-injury capacity to perform "such activities of bending [and] stooping." *Id.* A reasonable inference, according to Plaintiff, is that the "light work" category, which does not specifically reference bending and stooping but contains the "minimal demands of physical effort" language, would mean *no* bending or stooping (*i.e.*, following the pattern of 25% reduction at each level, a reduction to zero percent). In any event, Dr. Sadoff does not specifically mention Plaintiff's capacity for bending or stooping.

Plaintiff's treating physician for her workers' compensation claim, Dr. Gottschalk, was asked by Plaintiff's counsel to provide an evaluation of Plaintiff's disability, and to include in his evaluation a review of past treatment and medical records. (AR 1513). Dr. Gottschalk had been treating Plaintiff since 2008,[5] and had, prior to the January 18, 2012 evaluation, never mentioned any limitations relating to "bending" or "stooping." In his January 2012 evaluation, he reviewed, among other medical records, the evaluation of Dr. Sadoff. Like Dr. Sadoff, Dr. Gottschalk opined that Plaintiff had improved to where she was "capable of gainful employment," but was not capable of returning to her previous work activities. (AR 1517). He adopted Dr. Sadoff's findings as part of his own evaluation, and then further noted as a "comment," without explanation, that Dr. Sadoff's limitation to work requiring only the "minimal demands of physical effort" meant "no bending and stooping." (AR 1518).

The ALJ gave "substantial weight" to Dr. Gottschalk's opinion, but specifically discounted the limitation to "no bending and stooping" in crafting Plaintiff's RFC. The ALJ explained that the specific limitation was not supported

---

[5] Plaintiff's workers' compensation claim arose out of a March or April 2006 accident in which she fell and injured her back. (AR 1515).

7

by the medical records, noting, *inter alia,* the absence of any postural limitations in Dr. Siciarz's evaluation, and both the doctors' and Plaintiff's statements that she had improved (specifically, that the surgery had helped and she was better able to manage pain). The ALJ also noted that Plaintiff was, by Dr. Gottschalk's 2012 evaluation, "permanent and stationary" (*i.e.*, she had essentially reached a stable point of no further improvement) and her pain was being managed conservatively. (AR 28 and fn.3).

Two intertwined legal principles are implicated in the analysis of whether the ALJ defined the proper RFC for Plaintiff: (1) whether she articulated valid reasons for rejecting the portion of the treating physician's opinion regarding bending and stooping and (2) whether she properly "translated" the underlying medical opinions of Drs. Sadoff and Gottschalk from the Workers' Compensation context to the Social Security disability context. For the reasons stated below, the Court finds that while the ALJ articulated reasons that would otherwise be sufficient to discount the portion of Dr. Gottschalk's opinion relating to bending and stooping, it is unclear whether she properly translated the underlying medical opinions on which she relied from the workers' compensation setting to the Social Security setting in setting forth her reasons.

To reject the uncontradicted opinion of a treating physician, the ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Even where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31; *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison*, 759 F.3d at 1012 (quoting *Orn*, 495 F.3d at 633).

Here, Dr. Gottschalk's opinion appears to be contradicted. One consultative physician noted that Plaintiff had no postural limitations. And Dr. Sadoff's evaluation doesn't say anything specifically about bending and stooping – that was Dr. Gottschalk's interpretation of Dr. Sadoff's evaluation. The ALJ thus went on to articulate reasons for discounting Dr. Gottschalk's bending and stooping opinion. She noted, *inter alia,* that the opinion was inconsistent with the medical record, based in part on the absence of a similar limitation in any of the other physicians' opinions. The question becomes whether Dr. Sadoff, in workers' compensation terms, actually *did* say or mean to say that Plaintiff could not perform work involving bending or stooping. The ALJ had a duty to figure this out, or to supplement the record if necessary to determine the answer.

> Proper evaluation of [workers' compensation] medical opinions . . . presents an extra challenge. The ALJ must "translate" terms of art contained in such medical opinions into the corresponding Social Security terminology in order to accurately assess the implication of those opinions for the Social Security disability determination. . . . While the ALJ's decision need not contain an explicit "translation," it should at least indicate that the ALJ recognized the differences between the relevant state workers' compensation terminology, on the one hand, and the relevant Social Security disability terminology, on the other hand, and took those differences into account in evaluating the medical evidence.

*Booth v. Barnhart*, 181 F. Supp. 2d 1099 (C.D. Cal. 2002) (internal citations and quotation omitted).

As noted previously, Dr. Sadoff did not himself set forth what he meant by "minimal demands of physical effort," a term of art from the 1997 Workers' Compensation Schedule. And while the ALJ noted that all of the medical opinions were made in the workers' compensation context, and, thus, were not directly on

9

point to a Social Security disability determination, she did not address what Dr. Sadoff's opinion meant in terms of the bending and stooping required by the various jobs in the national economy identified by the Vocational Expert.[6] The ALJ should have addressed this specifically where it directly impacted Plaintiff's RFC, supplementing the record, if necessary, by asking Dr. Sadoff himself. *See, e.g., Aragon v. Astrue*, 2010 WL 4180574, at *3 (No. CV 10-0255-RC) (C.D. Cal. 2010) ("Accordingly, it is reasonable to infer that 'a minimum of demands for physical effort' as set forth in the 1997 California workers' compensation guidelines definition of light work, contemplates that that the individual has lost at least 75% of his pre-injury capacity for performing lifting, bending, stooping, pushing, pulling, and similar physical activities. . . . Therefore, the ALJ erred in failing to 'adequately "translate" [the doctor's] opinion into Social Security terms.") (internal citation omitted) (unpublished).

      Plaintiff requests that the Court credit the bending and stooping portion of Dr. Gottschalk's opinion as true and remand this matter for an immediate award of benefits. A court has the discretion to credit as true improperly rejected evidence and remand for payment of benefits where the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether Plaintiff testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the Plaintiff disabled on remand. *See Garrison*, 759 F.3d at 1020; *see also Treichler v. Commissioner of Social Security Admin.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014). However, even where all three factors of this "credit-as-true" rule are met, the court retains discretion to remand for further proceedings

---

[6] In fact, it is unclear whether the ALJ even recognized that Dr. Sadoff's opinion was couched in a term of art that needed to be addressed.

"when the record as a whole creates serious doubt as to whether the Plaintiff is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021; *see also Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A Plaintiff is not entitled to benefits under the statute unless the Plaintiff is, in fact, disabled, no matter how egregious the ALJ's errors may be."). Where "an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Treichler*, 775 F.3d at 1105. In this case, there are ambiguities in both the record evidence and the ALJ's legal reasoning which make remand for immediate payment of benefits improper. *See Garrison*, 759 F.3d at 1020-21; *see also Treichler*, 775 F.3d at 1101, n. 5 ("[A] court abuses its discretion if it remands for an award of benefits when not all factual issues have been resolved."). Accordingly, remand for additional proceedings is appropriate.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 29, 2015

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE